OF

## THE STATE OF NEW JERSEY.

### OCTOBER TERM, 1910.

MAHLON PITNEY, ORDINARY.

EDWIN ROBERT WALKER, VICE-ORDINARY.

HENRY HUSTON, administrator, &c., of Catharine A. Roe, deceased, appellant,

*v.*

MINNIE ROE, respondent.

[Decided November 1st, 1910.]

An administrator having adopted loose methods in dealing with the affairs of his estate, and having delayed his accounting for more than fifteen years after the time when it ought to have been filed, doubts arising upon the evidence taken on exceptions to his account were resolved against him.

215

On appeal from a decree of Sussex county orphans court.

*Mr. Henry Huston, pro se,* for the appellant.

*Mr. Charles M. Woodruff,* for the respondent.

PITNEY, ORDINARY.

This controversy arises over the final accounting of the appellant as administrator of Catharine A. Roe, deceased. The respondent filed numerous exceptions, and the orphans court, after a hearing, sustained these exceptions in part and disallowed them in part. The administrator appealed to this court. The respondent, in her answer to his petition of appeal, specified (as permitted by the rules) certain items in the account with respect to which she claims the decree to be erroneous as against her and in favor of the appellant.

The disputable questions are almost wholly questions of fact; the matters are somewhat complicated; the evidence, oral and documentary, is voluminous, and the oral evidence not altogether lucid or satisfactory.

Judge Coult, who heard and decided the case in the orphans court, filed a carefully-prepared statement of his conclusions, containing a clear presentation of the controversy, the character of the evidence and the results reached by him.

After repeatedly examining the case, I have come to the conclusion that the resulting decree must be affirmed, substantially for the reasons given by him.

If there be doubt whether this decree is precisely correct, any error in it must be attributed to the appellant's loose mode of dealing with the affairs of the estate, and his failure to file his accounting until nearly twenty years had elapsed since his appointment as administrator; whereas the orphans court held, and I think correctly, that at the latest the final account ought to have been filed within four years after such appointment.

The costs of the respondent should be paid by the appellant out of his own estate.